### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMANDA MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-2710-JAR |
| ) | |
| THE UNIVERSITY OF KANSAS ) | |
| CANCER CENTER, ) | |
| ) | |
| Defendant. ) | |

### **ORDER**

This matter comes before the court upon defendant's Motion to Compel (ECF No. 21). For the following reasons, this motion is granted.

This is an employment discrimination action. Plaintiff asserts several claims under the Rehabilitation Act of 1973, 29 U.S.C. § 794. Defendant served discovery upon plaintiff in August 2017. Eventually, after some consultation and efforts to confer on the requested discovery, the parties stipulated that the discovery served by defendant in August would be treated as if it was served on December 22, 2017. Plaintiff failed to timely respond to defendant's requests for discovery. Defendant filed this motion on February 21, 2018.

In its motion, the defendant seeks to compel plaintiff to respond without objection to discovery that it has provided. Specifically, defendant seeks an order compelling plaintiff to respond without objection to its First Request for Production of Documents and First Interrogatories. Defendant also seeks to stay this action until plaintiff responds to its requested discovery. Plaintiff has failed to timely respond to defendant's motion.

Plaintiff's responses to defendant's discovery were due on January 22, 2018. Following plaintiff's failure to respond, defendant's counsel contacted plaintiff's counsel and attempted to

confer concerning the requested discovery. Plaintiff's counsel has repeatedly told defendant's counsel that he hoped to get the requested discovery to defendant.

Federal Rule of Civil Procedure 37(a)(3)(B) permits a party who seeks discovery to move for an order to compel an answer, designation, production, or inspection, if a party fails to provide discovery or to permit inspection as requested under Rule 34.[1]

The court finds defendant's motion is uncontested. "Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum."[2] The court ordinarily will consider and decide the motion as uncontested and grant it without further notice.[3] Thus, defendant's motion shall be granted. In reaching this decision, the court notes that defendant's motion includes the certification necessary to demonstrate that steps were taken to resolve the issues in dispute.[4] The court directs plaintiff to respond within thirty (30) days to defendant's requested discovery without objection. The court warns plaintiff that failure to comply with this order will likely result in further sanctions, including possible of dismissal of this action.[5] The court stays the proceedings in this case pending plaintiff's responses to the discovery. The pretrial conference set for March 14, 2018 is cancelled, and will be rescheduled following plaintiff's responses to the requested discovery.

Accordingly,

---

[1] Fed. R. Civ. P. 37(a)(3)(B).

[2] D. Kan. Rule 7.4(b).

[3] *Id*.

[4] See Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2.

[5] See Fed. R. Civ. P. 37(b)(2)(A).

**IT IS THEREFORE ORDERED** that defendant's Motion to Compel (ECF No. 21) is granted. Plaintiff shall respond within thirty (30) days of the date of this order to defendant's requested discovery without objection.

**IT IS FURTHER ORDERED** that the pending deadlines are stayed until plaintiff responds to defendant's discovery. The pretrial conference set for March 14, 2018 is cancelled, and will be rescheduled later.

**IT IS SO ORDERED.**

Dated this 9th day of March, 2018, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
